NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 7 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JESUS MATIAS-JESUS,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No. 15-71633

Agency No. A200-567-155

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 2, 2020[**]

Before:     WALLACE, CLIFTON, and BRESS, Circuit Judges.

Jesus Matias-Jesus, a native and citizen of Guatemala, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

jurisdiction under 8 U.S.C. § 1252. We review factual findings for substantial

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

evidence. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the determination that Matias-Jesus failed to establish a well-founded fear of persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1022 (9th Cir. 2006) (petitioner failed "to present compelling, objective evidence demonstrating a well-founded fear of persecution"); *see also Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution "too speculative"). Thus, Matias-Jesus's asylum claim fails.

In this case, because Matias-Jesus failed to establish eligibility for asylum, he failed to establish eligibility for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Substantial evidence also supports the BIA's denial of CAT relief because Matias-Jesus failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

As stated in the court's August 21, 2015 order, the temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**